UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:16-cv-22023-COOKE/TORRES

CYNTHIA ST. AUBIN,

    Plaintiff,

vs.

ISLAND HOTEL COMPANY
LIMITED, a Bahamian Company;
ATLANTIS HOLDINGS (BAHAMAS)
LIMITED, a Bahamian company;
BREF BAHAMAS LTD, a Bahamian
company; and BROOKFIELD HOSPITALITY
PROPERTIES, LLC, a Delaware corporation.

    Defendants.

_____/

## ORDER ON DEFENDANTS' MOTION TO DISMISS

    This case arises from injuries Plaintiff Cynthia St. Aubin suffered from an allegedly dangerous condition on the "lazy river" ride at the Atlantis Resort's ("Resort") Waterpark in Nassau, Bahamas. I have jurisdiction under 28 U.S.C. § 1332.

    Pending is Defendants'[1] Motion to Dismiss Plaintiff's Complaint ("Motion") for *forum non conveniens*. (ECF No. 13). St. Aubin has filed her Response in Opposition to Defendant's Motion (ECF No. 20), and Defendants submitted their Reply (ECF No. 25). The Motion is therefore fully briefed and ripe for adjudication.

    I have reviewed the Motion, the Response and Reply, the record, and the relevant legal authorities. For the following reasons, I deny Defendants' Motion.

### BACKGROUND

    On or about March 31, 2014, St. Aubin slipped on a transitory substance near the "lazy river" at the Waterpark. (ECF No. 5 ¶ 27). St. Aubin suffered injuries as a result of the

---

[1] Plaintiff voluntarily dismissed Defendant Brookfield Hospital, LLC with prejudice pursuant to Fed. R. Civ. P 41(a)(1)(A)(i). (ECF No. 26). The remaining Defendants are Island Hotel Company Limited ("IHCL"), Atlantis Holdings (Bahamas) Limited

fall, including a brain bleed that required surgical intervention. (*Id.* ¶ 28). St. Aubin alleges Defendants breached the duty of care owed to her as a guest of the Resort, and that the breach resulted in pain and suffering, mental anguish, emotional distress, permanent injury, loss of wages, incurred medical expenses, and loss of capacity for the enjoyment of life. (*Id.* ¶ 13).

St. Aubin visited the Waterpark with her friends, one of whom booked the excursion through a cruise line operator. (ECF No. 20-1 ¶ 4). Typically, at check-in, the Resort requires guests to sign an "Acknowledgement, Agreement and Release" ("Agreement") that includes a forum-selection clause designating the Bahamas as the venue for claims against the Resort or the various corporate entities associated or affiliated with the Resort. (ECF No. 5 ¶ 25). St. Aubin alleges: (1) that neither the cruise line operator nor the Defendants informed her about the forum-selection clause; and (2) that she did not personally sign or assent to the forum-selection clause. (ECF No. 5 ¶ 26).

## DISCUSSION

Under the doctrine of *forum non conveniens*, a court has discretion to dismiss a case over which it otherwise has jurisdiction in the interest of convenience, fairness, and judicial economy. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007). To obtain dismissal for *forum non conveniens*, "[t]he moving party must demonstrate that (1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice." *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1310-11 (11th Cir.2001).

In *Atlantic Marine Constr. Co. v. United States District Court for the Western District of Texas*, 134 S. Ct. 568 (2013), the Supreme Court explained that an enforceable forum-selection clause carries near-determinative weight in the *forum non conveniens* analysis:

> When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum . . . .
>
> As a consequence, a district court may consider arguments about public-interest factors only. Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases.

*Id.* at 582.[2]

Thus, when there is a valid forum-selection clause in a contract, the burden is on the plaintiff to show that dismissal of the complaint is unwarranted. *See id.* at 581-83. I therefore address whether there was a forum-selection clause that bound St. Aubin before I engage in the *forum non conveniens* analysis.

### A. Forum Selection Clause

St. Aubin argues that the Agreement's forum-selection clause is not enforceable against her. I agree.

Courts determine the enforceability of a forum-selection clause on a case-by-case basis. *Horberg v. Kerzner Int'l Hotels Ltd.*, 744 F. Supp. 2d 1284, 1289 (S.D. Fla. 2007). "Mandatory forum-selection clauses are presumptively valid and enforceable and warrant dismissal in favor of a contractually-mandated foreign forum unless the plaintiff makes a 'strong showing' that enforcement would be unreasonable or unjust under the circumstances." *Bell v. Kerzner Int'l Ltd.*, 2011 WL 12656691, at *2 (S.D. Fla. 2011). A forum-selection clause is "unreasonable" when: (1) the formation of the clause was induced by fraud or overreaching; (2) the plaintiff would be deprived of his or her day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the provisions would contravene public policy. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 594-95 (1991); *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1290 (11th Cir. 1998).

I need not engage in a reasonableness analysis here because, accepting St. Aubin's allegations as true:[3] (1) she did not sign the Agreement – or any other document containing

---

[2] This modified *forum non conveniens* analysis is consonant with the Supreme Court's longstanding recognition "that privately bargained-for forum-selection clauses [are] a necessary component of the expanded international commercial relationships of our time." *Estate of Myhra v. Royal Caribbean Cruises, Ltd.*, 695 F.3d 1233, 1240 (11th Cir. 2012); *see Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 516 (1974) ("A contractual provision specifying in advance the forum in which disputes shall be litigated and the law to be applied is, therefore, an almost indispensable precondition to achievement of the orderliness and predictability essential to any international business transaction."); *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12-13 (1972) ("There are compelling reasons why a freely negotiated private international agreement, unaffected by fraud, undue influence, or overweening bargaining power, such as that involved here, should be given full effect." (footnote omitted)).

a forum-selection clause – or authorize anyone else to do so on her behalf;[4] and (2) she did not receive reasonable notice of the forum-selection clause before or during the check-in process.[5] *See, e.g.*, *Touloumes v. Kerzner Int'l Bahamas, Ltd.*, 2014 WL 10102248, at *2 (S.D. Fla. 2014) (if forum-selection clause is unsigned, it is enforceable only if plaintiff is on reasonable notice of the clause); *Larsen v. Kerzner Int'l Hotels Ltd.*, 2009 WL 1759585, at *4 (S.D. Fla. 2009) (forum-selection clause not enforceable if not signed or at least called to plaintiff's attention); *Horberg*, 744 F. Supp. 2d at 1288-89 ("[Plaintiff] was not told when he made his reservation that he would be required to sign the forum-selection clause, and there is no evidence in the record indicating that when the forum-selection clause was presented to [plaintiff] upon check-in . . . the significance of signing the clause was explained to him, or that he was afforded sufficient opportunity to consider and reject the forum-selection clause.").

Simply put, Defendants have provided no authority – from the Bahamas or anywhere else – requiring enforcement of an unsigned forum selection clause under the circumstances of this case. I therefore find that the forum-selection clause is unenforceable

---

[3] When ruling on a motion to dismiss, I must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir.1986).

[4] It is plain from the face of the Agreement that it required a signature. (ECF No. 13-1 at 6). *See Ward v. Kerzner Int'l Hotels, Ltd.*, 2005 WL 2456191, at *6-7 (S.D. Fla. 2005) (denying motion to dismiss where plaintiff did not sign agreement that required a signature).

[5] Defendants cite several cases to argue that St. Aubin had constructive notice of the forum-selection clause through the cruise line operator, and that such notice was sufficient to bind her. *See McArthur v. Kerzner Int'l Bahamas Ltd.*, 607 F. App'x 845 (11th Cir. 2015) (forum selection clause valid because Plaintiffs had constructive knowledge through their travel agent, and because they agreed to the forum selection clause by signing the form upon arrival at the hotel); *Cleveland v. Kerzner Int'l Resorts*, 2015 WL 5695276 (S.D. Fla. 2015) (plaintiffs had "constructive notice of the terms and conditions of the Atlantis Resort through their travel agent as well as actual notice at the time of check-in when they read and signed the Agreement"); *Barilotti v. Island Hotel Co., Ltd.*, 2014 WL 1803374, *3-5 (S.D. Fla. 2014) (forum selection clause valid and enforceable because plaintiffs signed it, and although they saw it for the first time upon arrival to the hotel, they had constructive knowledge by way of their travel agent). In those cases, however, the plaintiffs had constructive notice of the clauses' terms *and* signed an agreement containing a forum-selection clause when they arrived at the hotel. That was not the case here.

4

against St. Aubin. Having reached that conclusion, I next address Defendants' argument that I should dismiss St Aubin's claim under a traditional *forum non conveniens* analysis.

## B. *Forum Non Conveniens*

The doctrine of *forum non conveniens* permits a district court to exercise its discretion and dismiss an action if a foreign court is the more appropriate and convenient forum to adjudicate the matter. *Sinochem Int'l Co.*, 549 U.S. at 429. The defendant "bears a heavy burden in opposing the plaintiff's chosen forum." *Id.* at 430. As noted above, a defendant seeking dismissal for *forum non conveniens* must demonstrate that: (1) an adequate alternative forum is available; (2) the public and private factors weigh in favor of dismissal; and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice. *Leon*, 251 F.3d. at 1310-11. I address each factor in turn.

### 1. *Adequate and Available Alternative Forum*

The Eleventh Circuit has held that this factor involves two inquiries because "'[a]vailability and adequacy warrant separate consideration.'" *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1330 (11th Cir. 2011) (quoting *Leon*, 251 F.3d at 1311).

"[A]n alternative forum is 'available' to the plaintiff when the foreign court can assert jurisdiction over the litigation sought to be transferred . . . [and] [the requirement of an available forum] will be satisfied when the defendant is 'amenable to process' in the other jurisdiction.'" *Id.* Here, all three Defendants are Bahamian corporations and it is undisputed that they are amenable to process in the Bahamas. The Bahamas is therefore an "available" alternative forum.

As for the second inquiry, St. Aubin concedes that the Bahamas is an adequate forum. *See* ECF No. 20 at 8. The Bahamian legal system: (1) is similar to the English system; (2) allows access to evidence, witnesses, and relevant sites; (3) permits actions based on negligence and damages in personal injury cases; and (4) supports enforcement of judgments. *See Morse v. Sun Int'l Hotels Ltd.*, 2001 WL 34874967, at *2 (S.D. Fla. 2001) (finding that the Bahamas is an adequate alternative forum for plaintiff suing for personal injuries sustained at the Atlantis). Indeed, this Court has consistently found the Bahamas to be an adequate forum for such litigation if the *forum non conveniens* factors weigh in favor of the moving party. *See, e.g.*, *Klyszcz v. Cloward H20 LLC*, 2012 WL 4468345, at *3-4 (S.D. Fla. 2012); *Horberg*, 744 F. Supp. 2d at 1291.

Accordingly, I find that the Bahamas provides St. Aubin an "available and adequate" alternative forum in which to assert her claim. *See Sun Trust Bank v. Sun Int'l Hotels, Ltd.*, 184 F. Supp. 2d 1246, 1262-63 (S.D. Fla. 2001) (finding that the mere fact that the Bahamas "does not provide for contingent fee agreements, operates under different procedure, is less substantively generous, or lacks jury trials, does not render that forum inadequate."). I now turn to the private and public factors to determine whether I should dismiss the action.

### 2. *Private Interest Factors*

This Court has identified several private factors to evaluate as part of the *forum non conveniens* analysis:

> (1) [T]he relative ease of access to sources of proof, (2) the ability to obtain witnesses via compulsory processes, (3) the possibility to view the premises, and (4) all other practical problems that make the trial of a case easy, expeditious, and inexpensive (citation omitted). Furthermore, the residency of material and/or key witnesses and the location of documentation evidence should also be considered.

*Klyszcz*, 2012 WL 4468345, at *4 (citing *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1946)).

"These factors are not exhaustive, and the district court should be flexible in applying them." *Matthews v. Whitewater West Indus. LTD.*, 2012 WL 1605184, at *5 (S.D. Fla. 2012). I address each factor in turn.

### a. *Ease of Access to Sources of Proof*

To evaluate ease of access to sources of proof, I consider "both the quantity and the quality of the evidence, which requires a consideration of how each piece of evidence relates to the legal claims and defenses at issue in the case." *Matthews*, 2012 WL 1605184, at *6 (citing *Ford v. Brown*, 319 F.3d 1302, 1308 (11th Cir. 2003)). I also "identify the evidence necessary to adjudicate the claim or defenses to the claims." *Bell*, 2011 WL 12656691, at *6 (citing *Sinochem Int'l Co.*, 549 U.S. at 432). Here, Defendants suggest that "[a]ll of the documents relevant to Plaintiff's allegations were created and are maintained in The Bahamas," and therefore there would be greater ease of access to evidence in that forum. Defendants do not, however, "argue that such documents could not be brought to Florida in the event that trial was conducted here." *Miyoung Son v. Kerzner Int'l Resorts, Inc.*, 2008 WL 4186979, at *8 (S.D. Fla. 2008). Clearly they could. This consideration therefore does not weigh in either party's favor.

Regarding the quantity of witnesses, Defendants' witness list includes current employees and third-party witnesses who all reside in the Bahamas, including three lifeguards who assisted Plaintiff after the incident, two hotel managers on duty, unidentified Resort and Waterpark personnel, as well as a third-party contractor's medical staff. St. Aubin's witnesses all reside in the United States, including her, her treating physicians, and the five people with whom she traveled to the Resort, two of whom were present at the time of the incident. Thus, the material witnesses are split between both forums.

As for the quality of witnesses, Defendants' employees will be vital to determining whether Defendants breached a duty of care to St. Aubin. The employees will also be important witnesses regarding Plaintiff's conduct on the ride, the condition of the ride, and the operation of the ride. The third-party medical personnel will be relevant to calculating Plaintiff's damages, determining the extent of her injuries immediately after the accident, and assessing her state of mind or any statements she made immediately after the accident. St. Aubin's United States witnesses will be important to determining the circumstances leading to the accident, including the dangerous condition of the "lazy river," as well as any warnings of the ride's possible dangers. Her treating physicians in the United States will be relevant to the damages phase of the trial.[6] Without doubt, both sides' witnesses will provide important testimony.

I must, however, also consider the cost of obtaining testimony from willing witnesses. *Ford*, 319 F.3d at 1308; *see also Giglio Sub S.N.C v. Carnival Corp.*, 2012 WL 4477504 (S.D. Fla. 2012) (balancing the cost – in absolute terms – of bringing witnesses from Italy against sending witnesses from the United State to Italy). For Defendants' witnesses, located in the Bahamas, travel to Miami would be inconvenient. Most of St. Aubin's witnesses, on the other hand, would have to travel regardless of whether the trial is

---

[6] I note, however, that in the context of the *forum non conveniens* analysis, courts accord witness testimony relevant solely to damages less deference than testimony bearing on liability. *See, e.g.*, *Matthews*, 2012 WL 1605184, at *9 (citing *Kahhan v. City of Lauderdale*, 556 F. Supp 736, 739 (E.D. Pa. 1983) ("[L]iability witnesses may be considered of higher quality [than damages witnesses] and their convenience given more weight."); *Ramsey v. Fox News Network, LLC*, 323 F. Supp. 2d 1352, 1357 (N.D. Ga. 2004) ("Damage witnesses are accorded less weight [than liability witnesses] due to the fact that without liability, there are no damages to recover.").

in Miami or in the Bahamas.[7] It would be inconvenient for them in either case. This consideration therefore weighs in favor of the Bahamian forum.

### b. Availability of Compulsory Process

Next, I compare the availability of compulsory process in the United States and the Bahamas. *See Klyszcz*, 2012 WL 4468345, at *4. Defendants argue that this Court cannot compel testimony from certain witnesses located in the Bahamas. Defendants do not dispute that this Court can compel their employees to testify because they are within Defendants' control. Defendants are correct, however, that this Court cannot compel testimony from Defendants' former employees or third-party medical staff. *See Bell*, 2011 WL 12656691, at *9 (finding that the court lacked compulsory process over any unwilling witness located in the Bahamas). Thus, Defendants have identified several important third-party witnesses that this Court cannot compel to testify, but that a Bahamian court could compel to testify. *See id.* (Bahamian court has "subpoena power over unwilling witnesses located in the Bahamas") (citing *Morse v. Sun Int'l Hotels Ltd.*, 2001 WL 34874967, at *3 (S.D. Fla. 2001)).

While this factor would generally weigh in favor of dismissal, I find that under the facts of *this* case, it does so only slightly. The majority of key witnesses who reside in the Bahamas are the Defendants' employees or agents. These are the witnesses whose testimony will be most relevant to St. Aubin's claim. Defendants "have not established that [it] would be 'unusually' inconvenient or costly to transport these witnesses . . . and such a contention would be difficult to sustain in light of [the Resort's] proximity to South Florida, and the ease and frequency of travel between the two locations." *Ward*, 2005 WL 2456191, at *3. Defendants' also have not explained how their former employees' testimony would be material to the claims and defenses asserted in this case, *see Van Hoy v. Sandals Resort Int'l Ltd.*, 2013 WL 1192316, at *8-9 (S.D. Fla. 2013), or how the testimony of third-party medical staff would be relevant to liability rather than damages. *See supra* note 6.

### c. Possibility to View the Premises

The next private interest factor I consider is the possibility of viewing the premises where the incident took place. The premises in this case, the "lazy river" portion of the Waterpark, is in the Bahamas. Defendants assert that a site visit is extremely important to

---

[7] Just two of St. Aubin's witnesses reside in Florida. (ECF No. 20-1 ¶ 9; ECF No. 32 at 1).

the case. Defendants fail, however, to explain why simply photographing or videotaping the premises would not suffice. *See Campbell v. Starwood Hotels & Resorts Worldwide, Inc.*, 2008 WL 2844020, at *6 (S.D. Fla. 2008) ("Because the accident scene can be adequately described and presented to the jury through photographs in this Court, just as it could be in a Bahamian court, this factor does not weigh in favor of the Bahamian forum"); *see also Klyszcz*, 2012 WL 4468345, at *5 (finding that merely because the accident occurred within the Bahamas does not mean that the premises cannot be observed through other means). This factor therefore does not favor dismissal.

### d. Ease and Efficiency of Trial

The final private interest factor requires consideration of "all other practical problems that make the trial of a case easy, expeditious, and inexpensive." *Klyszcz*, 2012 WL 4468345, at *4. As to this factor, Defendants contend they may find it necessary upon further discovery to implead third-party witnesses from whom this Court cannot compel testimony. This Court has previously found this to be a compelling argument weighing in favor of dismissal. *See Bell*, 2011 WL 12656691, at *10; *Miyoung Son*, 2008 WL 4186979, at *9 (holding that "the inability to implead other parties directly involved in a controversy is a factor weighing heavily against the plaintiff's choice of forum").

\*     \*     \*     \*     \*

When balancing the private interest factors, the Court must account for the "'strong presumption against disturbing . . . [a plaintiff's] initial forum choice.'" *La Seguridad v. Transytur Line*, 707 F.2d 1304, 1307 (11th Cir. 1983) (citation omitted); *see SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1102 (11th Cir. 2004) (presumption in favor of a plaintiff's choice of forum "is to be applied specifically when weighing the private interests.") (citation omitted). As a result, "[a] defendant invoking *forum non conveniens* 'bears a heavy burden in opposing the plaintiff's chosen forum.'" *Wilson v. Island Seas Invs.', Ltd.*, 590 F.3d 1264, 1269 (quoting *Sinochem*, 549 U.S. 422, 430 (2007)).

The presumption in favor of a plaintiff's choice of forum is particularly robust, and a defendant's burden is therefore substantially elevated, where the plaintiff is a United States citizen. *See Wilson*, 590 F.3d at 1269 (citing *SME Racks, Inc.*, 382 F.3d at 1100-02). Indeed, the Eleventh Circuit has long mandated that district courts "require positive evidence of unusually extreme circumstances, and should be thoroughly convinced that material

9

injustice is manifest before exercising any such discretion as may deny a United States citizen access to the courts of this country.'" *SME Racks*, 382 F.3d at 1101 (quotation omitted); *see Norwood v. Kirkpatrick*, 349 U.S. 29, 42 n.3 (1955) (describing the "near-conclusiveness" that a plaintiff's decision to bring a lawsuit in his home forum has in the *forum non conveniens* analysis).

Although many of the private factors discussed above suggest dismissal might be appropriate, I am not persuaded that Defendants have met their demanding burden. *See Matthews*, 2012 WL 1605184, at *10 ("Eleventh Circuit precedent is clear that, when weighing the private interest factors, the scales are not evenly calibrated – the robust presumption in favor of a U.S. citizen is to be applied when balancing the private interest factors." (citing *SME Racks*, 382 F.3d at 1102)). St. Aubin's United States citizenship and her choice to bring this action in the Southern District of Florida tip the balance in her favor.

### 3. Public Interest Factors

Next, I consider whether the public interest factors weigh in favor of dismissal. *See Wilson v. Island Seas Invs., Ltd.*, 590 F.3d 1264, 1270 (11th Cir. 2009) (court should "look at the private interests first and then, if the balance of the private interests are found to be in equipoise or near equipoise, it will determine whether or not factors of public interest tip the balance in favor of a trial in a foreign forum"); *Klyszcz*, 2012 WL 4468345, at *5 (court must still consider public interest factors even after finding private interest factors weigh in favor of retaining the matter). The public interest factors include: (1) court congestion and jury duty generated by controversies having no relation to the forum; (2) the desirability of having localized controversies decided at home; and (3) the difficulties attendant resolving conflict-of-laws problems and applying foreign law. *See La Seguridad*, 707 F.2d at 1307.

The first factor weighs in favor of dismissal. Because the Southern District of Florida is one of the busiest district courts in the country, *see 2013 FY America's Most Productive Courts*, (July 2, 2014) http://www.iand.uscourts.gov/e-web/notice.nsf/notices, this forum has a strong interest in adjudicating only those disputes to which it has substantial ties. Florida's connection to this lawsuit is tenuous at best. Plaintiff is a citizen and resident of Illinois, and only two witnesses reside in Florida. (ECF No. 5 ¶ 2; ECF No. 32 at 1). It

would drain this forum's resources to indiscriminately adjudicate disputes under such circumstances.

As for the second factor, St. Aubin argues that because Defendants do extensive business in Florida, the United States has an interest in providing her, a United States citizen, with a forum to seek redress from them. Her point is a fair one, but I must balance it with the Bahamas' interest in settling a dispute between its citizens and foreigners for activity that happened within its sovereign territory. *See Barilotti*, 2014 WL 1803374 at *9. While the United States' interest is indeed important, *see, e.g.*, *Sun Trust Bank*, 184 F. Supp. 2d at 1266, I find the Bahamas' interest to be equally strong under the circumstances. *See, e.g., Horberg*, 744 F. Supp. 2d at 1295-96 ("The Bahamas has a much stronger local interest in deciding this action" where "Defendants are Bahamian entities, and the alleged accident occurred off the waters of The Bahamas. The case involves a prominent Bahamian resort, and tourism is the largest industry in The Bahamas. The Bahamas has a vital interest in regulating the standards of conduct of the Bahamian Defendants."); *Foster v. Sun Int'l Hotels, Ltd.*, 2002 WL 34576251, at *3 (S.D. Fla. 2002) ("The Bahamas has a very strong interest in this litigation. The tourism industry is vital to the Bahamas, and the Bahamas has an interest in regulating the conduct of the Bahamian Defendants and the duty under Bahamian law that they owe visitors to the Atlantis Resort – the largest resort on the island.").

With respect to the third factor, Defendants argue that under the "significant relationship" test, which Florida has adopted, *see e.g.*, *Nelson v. Freightliner, LLC*, 154 F. App'x 98, 102 (11th Cir. 2005),[8] it is most likely that Bahamian law will apply. *See Miyoung Son*, 2008 WL 4186979, at *11 n.9 (applying Bahamian law to dispute arising from an injury that occurred in the Bahamas). St. Aubin disagrees that Bahamian law applies and, alternatively, asserts that there would be no conflict or difficulty in applying it. I agree. Similarities between Bahamian law and Florida law substantially mitigate the foreign law factor. *See Van Hoy*, 2013 WL 1192316, at *33 (citing *Ward,* 2005 WL 2456191, at *5). "[T]his factor [therefore] cannot be accorded dispositive weight as federal courts are often

---

[8] In tort cases, Florida applies the "significant relationship" test of the Restatement (Second) of Conflict of Laws. *Bishop v. Florida Specialty Paint Co.*, 389 So. 2d 999, 1001 (1980).

required to decide issues of foreign law." *Larsen*, 2009 WL 1759585, at *12 (citing *Ward*, 2005 WL 2456191, at *5).

In light of the above, I find that the public interest factors weigh slightly in favor of dismissal.

## CONCLUSION

In sum (1) there is no dispute that the Bahamas is an available and adequate forum for Plaintiff to bring her claims, (2) the private interest factors weigh slightly against dismissal, and (3) the public interest factors weigh slightly in favor of dismissal. It is well-settled, however, that "private factors are generally considered more important" than public ones. *SME Racks, Inc.*, 382 F.3d at 1110; *see also, e.g.*, *Leon*, 251 F.3d at 1311 (same). Applying that principle to this case, I find that dismissal on *forum non conveniens* grounds is inappropriate.[9]

Accordingly, I **DENY** Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 13).

**DONE and ORDERED** in chambers, at Miami, Florida, this 15th day of March 2017.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*

---

[9] Because I find that on balance, the private/public factors weigh against dismissal, I need not address whether St. Aubin could reinstate her suit in the Bahamas without undue inconvenience or prejudice. *See Leon*, 251 F.3d. at 1310-11.